Law Offices of Douglas Thomas Moore, LLC
Douglas Thomas Moore, #4640
888 Mililani Street, Suite 700
Honolulu, Hawai`i 96813
Telephone: 808-526-0056
Facsimile: 808-526-0057
E-Mail: DTMlawoffice@gmail.com

Attorney for Plaintiff
MAKIKO TSURUTA

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAI`I

| | |
|---|---|
| MAKIKO TSURUTA, ) | CASE NO: |
| ) | |
| Plaintiff, ) | COMPLAINT FOR PERSONAL |
| ) | INJURIES AND DAMAGES |
| vs. ) | UNDER THE JONES ACT FOR |
| ) | NEGLIGENCE; UNDER GENERAL |
| PARADISE CRUISE, LIMITED; and ) | MARITIME LAW FOR |
| DOES 1-10, in personam; and the ) | UNSEAWORTHINESS AND FOR |
| HOKU NAI`A nka DOLPHIN STAR, in ) | MAINTENANCE AND CURE; |
| rem, ) | REQUEST FOR JURY TRIAL |
| ) | |
| Defendants. ) | |
| _____ ) | |

THIS ACTION IS BROUGHT UNDER *28 U.S.C. § 1916* ALLOWING SEAMAN TO SUE WITHOUT PREPAYMENT OF FEES, PLAINTIFF IS WITHOUT FUNDS.

COMES NOW Plaintiff MAKIKO TSURUTA and for causes of action against the Defendants, and each of them, complains and alleges as follows:

# I.
## JURISDICTION

1.      This is a claim for damages for injuries brought by a seaman against her employer, and the owner and the operator of the vessel on which she was working, when she was injured, as well as against the vessel itself in rem.

2.      Jurisdiction is vested in this Court pursuant to the general admiralty and maritime law of the United States of America, and Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333 and 28 U.S.C. § 1331 under the Jones Act (46 U.S.C. §30104 et seq.) granting the seaman a trial by jury at her option and which she so chooses.

3.      Jurisdiction is also based upon the laws of the State of Hawai`i and of the Territory and Kingdom of Hawai`i and those traditional remedies for seaman which were incorporated into the laws of the United States of America when the Kingdom of Hawai`i was Annexed.

# II.
## PARTIES and RELATIONSHIPS

4.      **PLAINTIFF:  MAKIKO TSURUTA**

Plaintiff MAKIKO TSURUTA (hereinafter "Plaintiff") is an adult resident of the State of Hawai`i.

5.      **DEFENDANT: PARADISE CRUISE, LIMITED**

PARADISE CRUISE, LIMITED, is a corporation licensed to do and doing business in the State of Hawai`i, and upon information and belief, was an owner and operator of the vessel HOKU NAI`A now known as ("nka") DOLPHIN STAR, and was the employer of the Plaintiff.

6.      **DEFENDANT: HOKU NAI`A nka DOLPHIN STAR**

The HOKU NAI`A nka DOLPHIN STAR, (hereinafter "vessel") is a vessel which is or will be within this District during the pendency of this proceeding and subject to the arrest jurisdiction of this Court.  Plaintiff libels this vessel <u>IN REM</u> along with her engines, equipment, tackle, stores, furnishings, cargo and freight. The vessel was in navigation at the time of Plaintiff's injuries.

7.      **DEFENDANT: DOES 1 THROUGH 10**

Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and, therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's

injuries as herein alleged were legally caused by said negligence.

8.    **EMPLOYMENT**

At all times herein, Plaintiff was employed by PARADISE CRUISE,

LIMITED, to work on the vessel as a seaman.  Plaintiff was in the course and

scope of her employment as a seaman when she was injured.

9.    **OWNERSHIP OF THE VESSEL**

At all times herein, PARADISE CRUISE, LIMITED were the owners or the

vessel HOKU NAIʻA nka DOLPHIN STAR (hereinafter Hoku Nai`a) on which

Plaintiff worked.

10.    Plaintiff suffered personal injuries while working as a seaman on the vessel

on or about March 9, 2013.

## III.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENCE UNDER THE JONES ACT

11.    At all times hereinafter mentioned, the Plaintiff, was and is an American

seaman, employed by the Defendants aboard the vessel HOKU NAIʻA as a seaman

and member of the crew.

12.    Plaintiff is informed and believes and thereupon alleges that at all times

material herein, Defendants, and each of them, were the agents, employees, and/or

joint venturers of each co-Defendant, and were acting within the course and scope of such agency, employment, and/or joint venture.

13.     On or about March 9, 2013, and for some time prior and subsequent thereto, Defendant PARADISE CRUISE, LIMITED, employed Plaintiff as a seaman, specifically as cruise director/Japanese translator to, among other things, to work on the vessel, make and serve drinks to passengers, and see to the passengers' comforts in Honolulu, Hawai`i.   On or about March 9, 2013, Plaintiff was aboard the vessel HOKU NAI`A out of Waianae Boat Harbor, Hawai`i, during rough ocean conditions, making drinks for the passengers in the course and scope of her employment with Defendant PARADISE CRUISE, LIMITED.  While she was making drinks from the small bar, the boat was rocked violently and Plaintiff lost her balance injuring her left ankle.  At said time and place, Defendants, and each of them, caused, permitted and allowed the HOKU NAI`A, its gear and appurtenances to be in an unsafe, dangerous, and defective condition and to be operated negligently and unsafely in one or more of the following particulars, and thereby permitted said vessel to become unsafe and unseaworthy:

a.  By causing or allowing the vessel to be out of Waianae Boat Harbor in rough ocean conditions;

b.  By causing or allowing the vessel to rock violently in rough ocean conditions;

c.  By causing or allowing the vessel to rock violently causing danger to its crew, including Plaintiff;

d.  By failing to provide adequate and necessary training, equipment, and safeguards to prevent injury and damage to its crew, including Plaintiff;

e.  By causing and allowing unsafe sailing methods and procedures to be used which endangered its crew, including Plaintiff;

f.  By causing or allowing the vessel to rock suddenly and unexpectedly injuring Plaintiff's left ankle.

g.  By failing to warn Plaintiff of hazardous conditions of which Defendant was, or should have been aware.

14.    As a direct and legal result of the aforesaid negligence of the Defendants, and each of them, Plaintiff was hurt and injured in her health and strength and sustained personal injuries including to her left ankle requiring surgery and extensive rehabilitation.  Plaintiff is informed and believes and thereon alleges that some or all of her injuries are reasonably likely to be permanent, all to her general damage in a sum in excess of the jurisdictional minimum of the Court.

15.    As a further direct and legal result of the negligence of the Defendants, and each of them, it has been and continues to be necessary for Plaintiff to receive medical care and treatment, and it will be so necessary for an indefinite period of time in the future.  The cost of said medical care is not known at this time, and Plaintiff alleges as damages herein the amount of such costs, according to proof at trial.

16.    As a further direct and legal result of the aforesaid negligence of the Defendants, and each of them, Plaintiff was prevented from attending her usual occupation, as well as other employment, for a period of time and is informed and believes and thereon alleges that she will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings to Plaintiff, the exact amount of which is unknown at this time.  Plaintiff alleges as damages herein the amount of such loss of earnings in an amount according to proof at trial.

## IV.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR UNSEAWORTHINESS

17.    Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 10 of her general allegations, and of paragraphs

11 through 16 of the First Cause of Action as though fully set forth at length.

18.     On or about the aforesaid dates, the aforesaid vessel was unseaworthy in its operation, maintenance, supervision, control, equipment, gear, inspection, and work method, and in the absence of a safe place thereon for Plaintiff to work, so as to cause an accident, thereby legally causing Plaintiff the injuries and damages as herein alleged.

## V.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR MAINTENANCE AND CURE, FOUND AND WAGES AND ATTORNEYS FEES

19.     Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 10 of her general allegations, paragraphs 11 through 16 of the First Cause of Action and paragraphs 17 and 18 of her Second Cause of Action as though fully set forth at length.

20.     As a legal result of the aforesaid injuries sustained by Plaintiff, and without regard to the question of liability or negligence on the part of the Defendants, and each of them, the Defendants became obligated to provide Plaintiff with proper medical care and attention and with means with which to sustain and maintain herself while receiving medical care and attention and while unable to resume her

normal duties, commencing on the date of the injuries alleged herein and continuing thereafter until Plaintiff shall have been cured.

21.    Plaintiff has made demand for prompt payments of maintenance and cure from Defendants, and each of them, and despite the demand of Plaintiff for prompt payment of maintenance and cure, Defendants have to some extent failed to provide same or failed to provide same in a timely and reasonable manner.  The exact period for which Plaintiff is entitled to payment of maintenance and the exact amount of cure are presently unknown.  Plaintiff alleges as damages herein the amount of said maintenance and cure in an amount according to proof at trial.

22.    As a further direct and legal result of the failure of Defendants, and each of them, to timely and reasonably provide maintenance and cure, Plaintiff was hurt and injured in her health and strength and in addition suffered severe emotional distress, all to her general and special damage as herein above alleged.

23.    In failing to timely and reasonably provide maintenance and cure, Defendants, and each of them, acted willfully, callously and indifferently, and in conscious disregard of the rights of Plaintiff and therefore, in addition to all amounts due for maintenance and cure, Plaintiff is entitled to punitive and exemplary damages, and to attorney's fees according to proof at trial.

WHEREFORE, Plaintiff prays for damages against the Defendants, and each of them, as follows:

1.      For general damages, special damages, pecuniary damages and non-pecuniary damages, punitive damages and exemplary damages as the law may allow, in an amount according to proof;

2.      For medical expenses, past and future, in an amount according to proof;

3.      For loss of earnings, past and future, in an amount according to proof;

4.      For maintenance and cure benefits, wages, and found according to proof;

5.      For attorney's fees according to proof on the third cause of action and on each cause and for such reasons as the Court may find;

6.      For costs of suit herein, according to proof; and,

7.      For such other and further relief as the Court may deem just and proper.

//

//

//

## REQUEST FOR JURY TRIAL

Plaintiff, MAKIKO TSURUTA, hereby demands trial by jury of the above-captioned matter.

Dated:  Honolulu, Hawai`i, March 8, 2016

By:   _____/s/ Douglas Thomas Moore_____
Douglas Thomas Moore
Attorney for Plaintiff
MAKIKO TSURUTA